RECEIVED
JUL 2 4 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES AID FUNDS, INC., ET AL. | CIVIL ACTION NO. 08-1971 |
| VERSUS | JUDGE DOHERTY |
| CARLA ROBERTS | MAGISTRATE JUDGE HILL |

## MEMORANDUM OPINION AND ORDER

Appellants United Student Aid Funds, Inc. and Sallie Mae Guarantee Services, Inc. (hereinafter collectively referred to as "Sallie Mae") bring this appeal, pursuant to 28 U.S.C. §158(a)(1), from a ruling of the United States Bankruptcy Court for the Western District of Louisiana entered on October 28, 2008 in the matter entitled *In re: Carla S. Roberts*, Case No. 04-51851, in which the Bankruptcy Court denied Sallie Mae's Rule 60(b)(3) Motion.

Also pending is the Motion to Strike Bankruptcy Appellant's Claims Other than Motion for Relief Under Federal Rule 60(b)(3) [Doc. 15], filed by the debtor, Carla S. Roberts. In her motion, Ms. Roberts seeks to narrow the issues before this Court on appeal to only those issues related to the Bankruptcy Court's denial of Sallie Mae's Rule 60(b)(3) motion. Sallie Mae has filed a response to Ms. Roberts's Motion to Strike [Doc. 18], clarifying that reversal of the Bankruptcy Court's October 28, 2008 Ruling is, indeed, the only relief sought by Sallie Mae in the instant appeal. As Sallie Mae confirms all that is sought in the instant appeal is reversal of the Bankruptcy Court's October 28, 2008 Ruling, Ms. Roberts's Motion to Strike Bankruptcy Appellant's Claims Other than Motion for Relief Under Federal Rule 60(b)(3) [Doc. 15] is GRANTED.

Therefore, the sole issue on appeal is whether the Bankruptcy Court properly denied Sallie Mae's Rule 60(b)(3) motion. Because this Court concludes the Bankruptcy Court properly held in Ms. Roberts's favor, the October 28, 2008 Ruling of the Bankruptcy Court denying Sallie Mae's Rule 60(b)(3) motion is AFFIRMED.

## I. **Factual and Procedural Background**

This case originated with a student loan subsidized by the federal government. The debtor is an attorney who used the loans to pursue her legal education. The following facts are undisputed and are taken from the official record of the Bankruptcy Court:

1. On July 28, 2004, Appellee, Carla Roberts ("Ms. Roberts"), filed a Petition for Bankruptcy. (See Doc. 1 of the Official Record of the Bankruptcy Court).

2. On September 7, 2004, a Proof of Claim was filed by "Sallie Mae, Inc., on behalf of United Student Aid Funds, Inc." ("Sallie Mae").

3. On March 24, 2006, Ms. Roberts filed an Objection to the Proof of Claim filed by Sallie Mae. (See Doc. No. 35 of the Official Record of the Bankruptcy Court).

4. On March 24, 2006, a Notice of Hearing was sent to Sallie Mae at the address on the Proof of Claim, and a hearing was scheduled on the matter. (See Doc No. 14 of the Official Record of the Bankruptcy Court). Sallie Mae did not file a response to the Objection to the Proof of Claim.

5. On May 12, 2006, Bankruptcy Judge Gerald Schiff signed an Order in favor of Ms. Roberts disallowing the Proof of Claim which was previously filed by Sallie Mae. (See Doc. No. 37 of the Official Record of the Bankruptcy Court). The initial bankruptcy case was closed shortly thereafter.

6. On December 22, 2006, Sallie Mae filed a Motion to Reopen the Bankruptcy case on behalf of United Student Aid Funds, Inc., stating it did not receive notice of the hearing. (See Doc. No. 43 of the Official Record of the Bankruptcy Court).

7. On December 27, 2006, an Ex Parte Order was signed by Bankruptcy Judge Robert Summerhays reopening the case so Sallie Mae could prosecute the

case on the merits on behalf of United Student Aid Funds, Inc. regarding Ms. Roberts's Objection to the companies' Proof of Claim. (See Doc. No. 46, 62 and 63 of the Official Record of the Bankruptcy Court).

8. On June 20, 2007, Ms. Roberts sent discovery (Interrogatories, Requests for Production, and Requests for Admission) to Sallie Mae, seeking proof as to the correct amount of the debt owed. (See Doc. No. 84 of the Official Records the Bankruptcy Court, Exhibits introduced at the July 31, 2007 hearing, pages 4 through 15).

9. One of the Requests for Admission specifically asked Sallie Mae and United Student Aid Funds, Inc. to admit or deny the debt allegedly owed by Ms. Roberts to Sallie Mae was paid. (See Doc. No. 84 of the Official Record of the Bankruptcy Court, Request for Admissions). Ms. Roberts's discovery also asked United Student Aid Funds, Inc. to produce information as to the payments made to United Student Aid Funds, Inc. by Ms. Roberts, and to admit the full amount of the debt owed by Ms. Roberts to United Student Aid Funds, Inc. was paid in full.

10. On July 10, 2007, a hearing was held on the merits of the case. At that point, neither Sallie Mae nor United Student Aid Funds, Inc. had answered Ms. Roberts's discovery requests, and Judge Summerhays continued the hearing to give additional time to the companies to answer the discovery. (See Doc. No. 82 and Doc. No. 140, and the transcript of the hearing on October 28, 2008, page 31 though 7 in the Official Record of the Bankruptcy Court).

11. On July 31, 2007, a hearing was held in the Bankruptcy Court to determine if Sallie Mae or United Student Aid Funds, Inc. could meet their burden of proof regarding the necessary sufficiency and/or accuracy of their Proof of Claim. The Court noted the companies still had not responded to the discovery requests propounded by Ms. Roberts on the companies. Therefore, the Requests for Admissions were deemed admitted as a matter of law by the Bankruptcy Court.

12. Following the July 31, 2007 hearing, on October 30, 2007, Judge Summerhays ruled Sallie Mae had not met its burden of proof as to standing in relation to its Proof of Claim. The Bankruptcy Court denied and disallowed the companies' Proof of Claim (Doc No. 140, the Transcript of the Hearing on October 28, 2007, page 4, lines 15 through 18 and Doc. No. 88 in the Official Record of the Bankruptcy Court). The Court's Ruling was signed and dated November 5, 2007 (See Doc. No. 88 in Official Record of the Bankruptcy Court). In its reasons for Ruling, the Bankruptcy Court stated:

> I've reviewed the documents. The Court finds that the proof of claim does not have prima facie validity on two accounts. It does not attach the promissory note. The only promissory note in the record is the promissory note that was entered into evidence by counsel for the Debtor, a promissory note that's marked "Paid in Full," nor did counsel for Sallie Mae submit or introduce into evidence any other promissory notes or any – even more critically, any evidence that it is the party that has the standing to assert this claim.
>
> Now, the code is fairly clear that, you know, if a debt – and the record here is unclear as to what course this debt traveled. We have correspondence in the record that indicates that, at one point, Sallie Mae indicated to the Debtor that the account had been transferred or had been subject to a consolidation through another lender, and indicated that the debt to Sallie Mae was, accordingly, was satisfied and returned the promissory note to Sallie Mae as paid in full.
>
> A very basic requirement is that a creditor who seeks to assert a claim must establish some basis for its right to assert a claim; in other words, its standing.
>
> So, not only do we not have a promissory note, we had no other evidence in the record indicating that Sallie Mae has the right to assert this claim.
>
> *In any other case, the Court would be inclined to give Sallie Mae additional time to supplement the record. But, given the history of this case, the multiple opportunities, as well as the failures to timely respond to discovery, the Court is not going to do that in this case.*
>
> Sallie's Mae's proof of claim does not have prima facie validity. Sallie Mae was required to prove up its claim with admissible evidence. It has not done so. Sallie' Mae's proof of claim, number three, is therefore disallowed.[1]

13. On November 30, 2007, United Student Aid Funds, Inc. filed a Notice of Appeal as to the Bankruptcy Court's Order dismissing its claim on the merits. (See Doc No. 90 and 91 of the Official Record of the Bankruptcy Court). That appeal was assigned to this Court (see Appellants' Appeal, entitled *Sallie Mae Guarantee Services, Inc. on behalf of United Student Aid Funds, Inc. vs. Carla Roberts*, Civil Action No. 07-2195, Doc. No.1).

---

[1] *See* Transcript of October 30, 2007 Hearing in the Bankruptcy Court, pp. 5-6 (emphasis added).

14. On March 20, 2008, United Student Aid Funds, Inc. filed a voluntary Motion to Dismiss its Appeal on grounds it wished to pursue the filing of a Rule 60(b)(3) motion in the Bankruptcy Court. (See *Sallie Mae Guarantee Services, Inc. on behalf of United Student Aid Funds, Inc. vs. Carla Roberts*, Civil Action No. 07-2195, Doc. No. 22). The motion to dismiss was not opposed by the debtor.

15. On March 27, 2008, this Court dismissed the Appeal without prejudice to the rights of Sallie Mae to re-open the matter before the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b). (See Doc. No. 23 in *Sallie Mae Guarantee Services, Inc. on behalf of United Student Aid Funds, Inc. vs. Carla Roberts*, Civil Action No. 07-2195).

16. In April 2008, Sallie Mae moved to re-open the Bankruptcy Court proceeding, which was granted by Judge Summerhays (See Doc. 111 in the Official Record of the Bankruptcy Court).

17. On June 12, 2008, United Student Aid Funds, Inc. filed a Motion for Reconsideration of Ruling Pursuant to Federal Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b)(3) Motion in the Bankruptcy Court, alleging Ms. Roberts committed fraud or misrepresentation upon the Bankruptcy Court. (See Doc. No. 116 and 117 of the Official Record of the Bankruptcy Court).

18. A hearing was conducted in the Bankruptcy Court on July 29, 2008 on Sallie Mae's Rule 60(b)(3) motion. (See Doc. No. 126 of the Official Record of the Bankruptcy Court).

19. On October 28, 2008, Judge Summerhays denied Sallie Mae's motion. (See Doc. No. 132 and 133 of the Official Record of the Bankruptcy Court).

20. On November 7, 2008, United Student Aid Funds, Inc. filed the instant Notice of Appeal, contending the Bankruptcy Court abused its discretion in denying its Rule 60(b)(3) motion.

What is not contained in the foregoing recitation of the official record is the crux of Sallie Mae's instant appeal, which is that Ms. Roberts obtained the November 5, 2007 Bankruptcy Court ruling in her favor and against Sallie Mae and United Student Aid Funds, Inc. through fraud and/or misrepresentation. The gist of Sallie Mae's argument is as follows. At the July 31, 2007 hearing,

the purpose of which – it appears to this Court – was for Sallie Mae to put on evidence to support its Proof of Claim, certain exhibits were entered into evidence. At that hearing, Sallie Mae did not support its Proof of Claim with a copy of the Promissory Note allegedly executed by Ms. Roberts. Rather, by Sallie Mae's own admission, *Ms. Roberts* introduced *her own* copy of that Promissory Note. Furthermore, the copy of the Promissory Note introduced by Ms. Roberts was marked "Paid in Full." Sallie Mae contends Ms. Roberts claimed this Promissory Note was full evidence of the satisfaction of the Promissory Note. (Doc. No 84, Debtor Exhibit No. 3 thereto). Indeed, counsel for Ms. Roberts stated "[O]ur copy [of the note] which was submitted to us – I'll show it to counsel -- it's marked in the front and it obviously is the same document. It says: Paid in full."[2] Sallie Mae contends counsel for Ms. Roberts then argued the following:

> And, with that, Your Honor, I believe it's [counsel for Sallie Mae's] burden to prove their case. With a note – stating that the note was paid in full, and with no witness here, I don't think there's been a burden proved.[3]

As previously noted in the procedural history of this Ruling, on November 5, 2007, the Bankruptcy Court sustained the objection to Sallie Mae's Proof of Claim asserted by Ms. Roberts, essentially dismissing Sallie Mae's claim. Thereafter, Sallie Mae filed a Motion for Reconsideration of the Bankruptcy Court's November 5, 2007 Ruling, contending Ms. Roberts's contention that the Promissory Note was "Paid in Full" was false when made and that Ms. Roberts knew or should have known of its falsity. Specifically, Sallie Mae contends after the July 31, 2007 hearing and after the Court issued its written ruling on November 5, 2007, Sallie Mae learned that in October 2001, when

---

[2] *See* Doc. 95 in Bankruptcy Record, Transcript of July 31, 2007 Hearing before Judge Summerhays, at p. 7, ll. 12-14.

[3] *Id.*

Ms. Roberts's student loan obligations were already in default, Ms. Roberts attempted to consolidate her student loans for a second time.[4] Sallie Mae contends to effect this consolidation would have required Sallie Mae to sell the loan obligations to another entity -- William D. Ford, the consolidating lender – a transaction which would have extinguished the obligation to Sallie Mae, but left a subsisting obligation in favor of the acquiring entity. Sallie Mae argues it completed its end of the transaction and forwarded the appropriate documentation to Ms. Roberts for her execution. However, at the last minute, Ms. Roberts refused to execute the documents necessary to effect the consolidation and instead renounced any intention of consolidating her loans.[5] Accordingly, Sallie Mae contends the purported consolidation -- and the satisfaction and transfer of the underlying note obligations which were to be consolidated – became null and void, and the funds which William D. Ford had transferred to Sallie Mae in satisfaction of the note were returned.[6]

Sallie Mae argues Ms. Roberts had full knowledge that she reneged on the consolidation and knew the Promissory Note forming Sallie Mae's Proof of Claim was not, in fact, "Paid in Full." Sallie Mae contends Ms. Roberts was under an obligation to disclose this fact to the Bankruptcy Court. This was the crux of Sallie Mae's Rule 60(b)(3) motion, which was ultimately denied by the

---

[4] To support this argument, Sallie Mae attaches a document entitled "Consolidation Application and Promissory Note" that is filled out and signed by Carla Roberts. However, rather than being dated in October 2001, the Promissory Note appears to be dated July 31, 1991. *See* Doc. 101 in Bankruptcy Record, Exhibit D. *See also* Sallie Mae cites to Doc. 101 in the Bankruptcy Record, Exhibit "E," which is a document entitled "Federal Direct Consolidation Loan Verification Certificate."

[5] *See* Doc. 101 in the Bankruptcy Record, Exhibit "F." Exhibit F contains the following notation:

1/9/02  08:44AM 12ON Z 800 PER FAX REQ FROM WDF BORR ASKED THAT THESE LOANS NOT BE INCLUDED IN HER CONSOLIDATION; SUB MNL CK REQ FOR 12397.08 DUE TO BORR REQ REVERSAL OF CONSL

[6] *See* Doc. 101 in the Bankruptcy Record, Exhibit "G."

Bankruptcy Court. On appeal, Sallie Mae argues the denial of that motion was error.

## II. <u>Jurisdiction</u>

The original briefs filed by the parties did not address the issue of this Court's jurisdiction over the instant matter. Therefore, this Court ordered briefs on the issue of jurisdiction, which have now been received by the Court [Docs. 25 & 26]. Appellant Sallie Mae contends this Court's jurisdiction over the instant matter is conferred by 28 U.S.C. §158(a)(1).

In pertinent part, 28 U.S.C. §158(a) states "[t]he district courts of the United States shall have jurisdiction to hear appeals *from final judgments, orders, and decrees*" of bankruptcy judges . . ." 28 U.S.C. §158(a) (emphasis added). Section 158(d) provides "[t]he courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." *See* 28 U.S.C. §158(d), *cited in Matter of Chunn*, 106 F.3d 1239, 1241 (5th Cir. 1997).

The Fifth Circuit has explained the concept of "finality" in the context of bankruptcy cases as follows:

> In the context of 28 U.S.C. §1291, the Supreme Court has defined a final judgment as a decision that ends the litigation on the merits and leaves nothing for the court to do except execute the judgment. *Coopers and Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2456, 57 L.Ed.2d 351 (1978). *In the context of bankruptcy cases, however, it is well established that finality "is contingent upon the conclusion of an adversarial proceeding within the bankruptcy case, rather than the conclusion of the entire litigation." Matter of England, 975 F.2d 1168, 1172 (5th Cir.1992). This Court has explained that an order that "ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d)." Id.*

*See Matter of Chunn*, 106 F.3d at 1241 (emphasis added). *See also In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999) ("A [bankruptcy] case need not be appealed as a "single judicial unit" at the end of

the entire bankruptcy proceeding, but the order must constitute a "'final determination of the rights of the parties to secure the relief they seek in this suit,' or the order must dispose of a discrete dispute within the larger bankruptcy case for the order to be considered final."), *citing Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1155 (5th Cir.1988) (internal citations omitted). *See also In re Moody*, 817 F.2d 365,368 (5th Cir. 1987) ("a bankruptcy proceeding is over when an order has been entered that ends a discrete judicial unit in the larger case.").

In the instant case, the Bankruptcy Court denied Sallie Mae's Rule 60(b)(3) motion on October 28, 2008. Sallie Mae filed its Notice of Appeal on October 31, 2008. Rule 8002(a) requires that an appellant file its notice of appeal in bankruptcy proceedings within ten days of the date of entry of the order appealed from. Therefore, Sallie Mae timely filed its appeal from the Bankruptcy Court's denial of its Rule 60(b)(3) motion. *See* Fed. R. Bankr. P. 8002(a).[7] The question is whether the Bankruptcy Court's denial of Sallie Mae's Rule 60(b)(3) motion is an appealable, final judgment.

Ms. Roberts contends the Bankruptcy Court's ruling on Sallie Mae's Rule 60(b)(3) motion

---

[7] Rule 8002(a) states:

(a) Ten-day period

The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

Fed. R. Bankr. Proc. 8002(a).

is not a final judgment but, rather, is an interlocutory judgment that is not appealable because Sallie Mae has not filed a motion for leave to file an appeal. This Court disagrees. The Fifth Circuit has held in both the bankruptcy and non-bankruptcy context, the denial of a Rule 60(b) motion is a final, appealable order. *See Silas v. Sears, Roebuck & Co., Inc.*, 586 F.2d 382, 384 (5th Cir. 1978) (non-bankruptcy context) and *Cromelin v. Markwalter*, 181 F.32d 948 (5th Cir. 1950) (bankruptcy context). Other circuits also hold an order denying Rule 60(b) relief is considered a final appealable order. *See, e.g., In re Indian Motocycle Co., Inc.*, 289 B.R. 269, 276 (1st Cir. Bankr. App. Ct. 2003), *citing FDIC v. Ramirez-Rivera*, 869 F.2d 624, 626 (1st Cir.1989) (denial of Rule 60(b) relief from judgment on promissory note was final order); *Matarese v. LeFevre*, 801 F.2d 98, 105 (2nd Cir.1986)(order denying motion for relief from judgment denying habeas relief is final appealable order), *cert. denied*, 480 U.S. 908,107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). This general statement of appellate jurisdiction stems from the finality of the underlying order which is the subject of a Rule 60(b) order. *See FDIC v. Ramirez-Rivera*, 869 F.2d at 626. Indeed, Rule 60(b) applies only to "final" judgments and orders.[8]

---

[8] Rule 60(b)(3) states:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a *final judgment*, order, or proceeding for the following reasons:
>
> [ … ]
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

Fed.R.Civ.P. 60(b) (emphasis added).

In the instant case, the Bankruptcy Court denied Sallie Mae's Proof of Claim in a written ruling on November 5, 2007. Thereafter, recognizing that the Bankruptcy Court's ruling was a final judgment, Sallie Mae filed a Notice of Appeal in this Court, an appeal that ultimately was voluntarily dismissed in order for Sallie Mae to pursue its Rule 60(b) motion in the Bankruptcy Court. Sallie Mae's filing of a Rule 60(b) motion further acknowledges the underlying ruling of the Bankruptcy Court was a final judgment, as Rule 60(b) motions are filed for the purpose of relieving a party from a *final judgment*, order, or proceeding. The facts of this case bear this out. Indeed, from this Court's review of the July 29, 2008 hearing transcript, Judge Summerhays remarked repeatedly on the need for finality to this 2004 case. Furthermore, all matters in Ms. Roberts's bankruptcy proceeding had been completed except for the Rule 60(b)(3) motion.

Considering the foregoing, this Court concludes the Bankruptcy Court's October 28, 2008 Ruling/Order denying Sallie Mae's Rule 60(b)(3) Motion is a final order that is immediately appealable as of right pursuant to 28 U.S.C. §158(a).

### III. Standard of Review

A bankruptcy court's findings of fact are reviewed by the district court under a "clearly erroneous" standard. *In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003), *citing Century Indem. Co. v. NGC Settlement Trust (In re National Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000). Conclusions of law, and mixed questions of fact and law, are reviewed *de novo*. *In re CPDC, Inc.*, 337 F.3d at 441. "If a finding is not supported by substantial evidence, it will be found to be clearly erroneous." *In re Westcap*, 230 F.3d 717, 725 (5th Cir. 2000), *citing Wright & Miller*, 9A Federal Practice & Procedure, §2585, p. 576 (1995). When a finding of fact is premised on an improper legal standard, that finding loses the insulation of the clearly erroneous standard and is subject to full

de novo review. *In re Mercer*, 246 F.3d 391, 402 (5th Cir. 2001) ("the clear error standard does not apply to findings of fact resulting from application of an incorrect legal standard."), *citing Fabricators, Inc. v. Technical Fabricators, Inc. (Matter of Fabricators, Inc.)*, 926 F.2d 1458, 1464 (5th Cir.1991).

When Rule 60(b) is applicable, the Fifth Circuit has stated it review the district court's decision by applying "the same standards of review [the district court] applied to the bankruptcy court's ruling," which is the abuse of discretion standard. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005), *citing In re Pro-Snax Distributors, Inc.*, 157 F.3d 414, 419-20 (5th Cir.1998). Therefore, this Court reviews the denial of a Rule 60(b) motion for abuse of discretion. Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion." *In re Pettel*, 410 F.3d at 191, *citing Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981).

The parties do not address the issue of whether the issue on appeal is a matter of fact or law. This Court concludes the only matter before this Court – whether the Bankruptcy Court properly denied Sallie Mae's Rule 60(b)(3) Motion – is a mixed question of law and fact. However, because Rule 60(b)(3) is applicable, the Bankruptcy Court's October 28, 2008 is reviewed for abuse of discretion. Under either standard, however, this Court concludes the Bankruptcy Court's Ruling denying Sallie Mae's Rule 60(b)(3) motion was proper.

### IV. Law and Analysis

The crux of this appeal is whether the Bankruptcy Court erred in denying Sallie Mae's Rule 60(b) motion. Sallie Mae confirms "the sole and only inquiry before this Court on appeal is whether the Bankruptcy Court improperly denied Sallie Mae's 60(b)(3) Motion in its Judgment of October

28, 2008."[9]

Rule 60(b)(3) of the Federal Rules of Civil Procedure allows a district court to relieve a party from a final judgment if the adverse party committed fraud, misrepresentation, or other misconduct. "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *See, e.g., General Universal Systems, Inc. v. Lee*, 379 F.3d 131,156-57 (5th Cir. 2004), *citing Rozier v. Ford Motor Co.*, 573 F.2d 1332,1339 (5th Cir.1978); *see also Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir.), *cert. denied*, 488 U.S. 968,109 S.Ct. 497, 102 L.Ed.2d 533 (1988). To merit relief, the complaining party must "establish by clear and convincing evidence: (1) the adverse party engaged in fraud or other misconduct, *and* (2) this misconduct prevented the moving party from fully and fairly presenting his case." *Rozier v. Ford Motor Co.*, 573 F.2d 1332,1339 (5th Cir.1978); *see also Johnson v. Offshore Express, Inc.*, 845 F.2d 1347,1359 (5th Cir.), *cert. denied*, 488 U.S. 968, 109 S.Ct. 497,102 L.Ed.2d 533 (1988).

Misconduct may be shown by evidence the opposing party withheld information called for

---

[9] *See* Consolidated Opposition to Motion to Dismiss and Reply Brief on Behalf of Sallie Mae, Doc. 18, at p. 1 (emphasis in original). The Bankruptcy Court also noted the very narrow issue before it at oral argument on July 29, 2008 when it took the matter up, stating:

I want to emphasize that this is a motion under Rule 60(b)(3). We're not going to revisit the merits of the underlying motion. We need to focus on whether or not - and these are the two elements from the Fifth Circuit jurisprudence:

Did the respondent commit fraud in connection with the proceeding, and;

Two, if so, did this fraud substantially interfere with the movant's ability to present its claim or defenses?

Salle Mae has to satisfy both elements. I understand Sallie Mae may have some arguments that are likely raised on appeal with respect to the Court's ruling that standing hasn't been established or Sallie Mae had not met its burden. Those are issues going to the underlying claim, itself. Before we get there, we have to meet the Rule 60(b)(3).

*See* Transcript of July 29, 2008 Hearing, at p.3.

by discovery, *Rozier*, 573 F.2d at 1339, or willfully committed perjury. *Diaz v. Methodist Hosp.*, 46 F.3d F.3d. 492, 496-97 (5th Cir. 1995). Determining whether a party has made a sufficient showing to warrant relief lies in the sound discretion of the district court. Finally, the Fifth Circuit has stated Rule 60(b) relief will be afforded only in "unique circumstances." *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004), *citing Pryor v. U.S. Postal Svc.*, 769 F.2d 281, 287-88 (5th Cir.1985). *See also Wilson v. Atwood Group*, 725 F.2d 255, 257-58 (5th Cir.1984) (*en banc*).

1.  **The Bankruptcy Court's Ruling**

In the instant case, the Bankruptcy Court held that, even assuming Ms. Roberts misrepresented certain information in the case -- and the Bankruptcy Court specifically did not make a final finding that she did[10] -- such misconduct never prevented Sallie Mae from fully and fairly presenting its case. In so holding, the Bankruptcy Judge noted the following:

- In May 2006, Sallie Mae's claim was disallowed on grounds Sallie Mae had failed to respond to Ms. Roberts's objection. Seven months later, Sallie Mae moved to reopen the case to consider it on the merits. The Bankruptcy Court granted

---

[10] This Court noes at the July 29, 2008 hearing on Sallie Mae's Rule 60(b)(3) motion, the Bankruptcy Court referred to the Promissory Note, and whether it was actually paid in full, as a "red herring," noting:

I really think this issue of whether or not the note was paid in full is a red herring. I know it's the basis of the motion for reconsideration, the 60(b)(3) motion that that was misrepresented.

The issue was more of the overall burden of proof and now these conflicting documents came together to support the fact that Sallie Mae had standing or this was a claim that it had standing to assert, when counsel before me for Sallie Mae had no answer to the Court, as far as the meaning of the documents and the questionss about its standing.

Having said that; again, I'm, not absolving the Debtor of anything here, and the reason I reopened this cased is I have very serious concerns about good faith here. What I have to wrestle with, and I am going -- given the material involved here, the length of the case, I want to put this case to a final resolution and move on.

So, I'm not going to rule on the spot here. I'm going to review and consider the arguments of counsel. I'm going to take it under advisement, but I'll give the parties an additional opportunity to present any additional argument before I do take it under advisement.

*See* Transcript of July 29, 2008 Hearing, at pp.27-28.

-14-

reconsideration and set a hearing date and discovery deadlines for the original claim of Sallie Mae, scheduling a hearing in May 2007.

- Prior to May 2007, the Bankruptcy Court was informed Sallie Mae had not responded to Ms. Roberts's discovery requests, and therefore, the May 2007 hearing could not go forward as scheduled. The Bankruptcy Court granted an extension until July 2007 in order to give Sallie Mae an opportunity to respond to Ms. Roberts's discovery.

- By July 2007, Sallie Mae still had not fully responded to Ms. Roberts's discovery requests and had not responded at all to Ms. Roberts's requests for admissions, which led to the Bankruptcy Court's ruling that all requests for admissions were deemed admitted under the Federal Rules of Civil Procedure. **These admissions included an admission that Sallie Mae's claim was paid in full.**

- At the July 2007 hearing, documents introduced into evidence called into question whether the claim Sallie Mae was asserting had been transferred to another entity. The Bankruptcy Court held the documents presented to the Court were unclear on that issue.

- The only response Sallie Mae provided was a payment history. No other evidence was presented by Sallie Mae to show it had standing to bring and assert its claim before the Court (notably, Sallie Mae did not produce its own copy of the Promissory Note). The Bankruptcy Court therefore concluded Sallie Mae – which had the burden to prove its claim – had not met its burden of proof.

With respect to the specific argument made by Sallie Mae that Ms. Roberts had misrepresented the true nature of the Promissory Note and the notation "Paid in Full" thereon, the Bankruptcy Judge stated in his final Ruling:

> **Sallie Mae had an opportunity -- the documents at issue, including a note that was marked "Paid in Full," that was not the basis of the Court's decision as far as disallowing the claim. However, that was of record prior to the hearing. Sallie Mae had every opportunity to present evidence and to explain the documents that were in front of the Court, and to present its case that it had standing to assert the claim.**
>
> **It did not. It had multiple opportunities.**
>
> **The primary policy behind 60(b)(3) is to ensure finality. Given the history of this case, finality is an overriding concern for the Court.**

**The Motion for Relief Under Rule 60(b)(3) is denied.**[11]

2.      **Sallie Mae's Alleged Grounds for Appeal**

Sallie Mae appeals on the following grounds: (1) Ms. Roberts's failure of candor before the Bankruptcy Court was a misrepresentation warranting relief under Rule 60(b)(3); (2) Sallie Mae was prevented from fully and fairly presenting its case in the following respects: (a) Sallie Mae was prevented from answering on the merits because of the timing of Ms. Roberts's misrepresentation, as the misrepresentation varied from the defense Ms. Roberts had originally asserted; (b) introduction of the allegedly "paid" note prejudiced Sallie Mae because it implied Ms. Roberts had evidence the claim had been satisfied when it had not been; and (c) Sallie Mae suffered prejudice because Ms. Roberts lessened her required evidentiary burden by introduction of the note; and (3) Sallie Mae submitted sufficient evidence to establish standing.

This Court does not address the issue of whether Ms. Roberts's actions constituted misrepresentation and/or fraud pursuant to Rule 60(b)(3), because this Court concludes as the Bankruptcy Court did that even if Ms. Roberts's actions with respect to the Promissory Note constituted misrepresentation and/or fraud, Sallie Mae still cannot satisfy the second element of the Rule 60(b)(3) test, that is, Sallie Mae cannot show such misconduct prevented it from fully and fairly presenting its case. Nor does this Court address the issue of standing, as the issue of standing implicates the underlying substantive ruling of the Bankruptcy Court denying Sallie Mae's Proof of Claim. This Court has reviewed the Bankruptcy Court record and Sallie Mae's originally-filed "Motion for Reconsideration of Ruling Pursuant to Federal Bankruptcy Rule 9024 and Federal Rule

---

[11] *See* Transcript of October 28, 2008 Hearing in the Bankruptcy Court, Doc. Nos. 132 and 133 of the Official Record of the Bankruptcy Court.

of Civil Procedure 60(b)(3) Motion in the Bankruptcy Court," which sought reconsideration, and reversal of, the Bankruptcy Court's November 5, 2007 order denying Sallie Mae's Proof of Claim on grounds Ms. Roberts had engaged in fraud and/or misrepresentation in obtaining the judgment on her behalf. The foregoing motion does not raise the issue of standing, nor did Judge Summerhays consider the issue of standing in his October 28, 2008 ruling denying Sallie Mae's Rule 60(b)(3) motion. Indeed, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 263 n.7, 98 S.Ct. 556, 560 n.7 (1978).

The issue of standing was specifically addressed at the July 29, 2008 hearing in the Bankruptcy Court. After the Bankruptcy Court noted it would permit post-hearing briefs, counsel for Sallie Mae asked:

> Mr. Ormsby: The scope of what you may want for a post-hearing submission, do you want solely on the 60(b)(3) representation, failed defense, or should we also broach the standing issue?
>
> The Court: I mean, I think that you have to get to the 60(b)(3) stuff first.
>
> Mr. Ormsby: Sure.
>
> The Court: But, I mean, I think that there's an argument here that I think that you recognize, that I pointed to. When you're talking about whether or not a misrepresentation was made, you got to put it in the context of what the parties were arguing and their burden of proof.
>
> And, the point is, if you have a deemed admission, if you have conflicting documents, and the issue is Sallie Mae presenting the basis and meeting its burden of showing that it had standing to assert that claim, that has bearing on whether [or] not the silence of the Defendant, or the silence of the Debtor in this case, you know, constitutes fraud or a misrepresentation by omission.
>
> And, you know, to that extent, you may need to get into the standing issue, but I don't want a full briefing on the merits of standing, because, you know,

| | |
|---|---|
| | per chance if you do meet your burden, I think we're going to have to go forward with another hearing where you would prove your claim. |
| | So I think that's how we're going to proceed with it. |
| Mr. Ormsby: | The only reason I asked is because the Motion for Reconsideration was for you to reconsider your ruling that we have no standing. |
| The Court: | Yeah, that's – |
| Mr. Ormsby: | And that's why – |
| The Court: | Well, it's a 60(b)(3) – |
| Mr. Ormsby: | Right, to reconsider; correct. |
| The Court: | – and you don't get a reconsideration of your ruling until – |
| Mr. Ormsby: | Sure. I've got to satisfy – |
| The Court: | – I rule on 60(b)(3). Anything else?[12] |

It is clear from the foregoing colloquy the Bankruptcy Court did not intend to reach the issue of standing – that is, the Bankruptcy Court did not intend to reconsider its underlying ruling denying Sallie Mae's Proof of Claim – unless and until it granted Sallie Mae's Rule 60(b)(3) motion. The Bankruptcy Court specifically stated that, should Sallie Mae meet its burden on the Rule 60(b)(3) motion, the Bankruptcy Court would have to conduct another hearing to address the standing issue. However, the Bankruptcy Court denied Sallie Mae's motion and did not, therefore, reach the standing issue. Considering the foregoing, the issue of standing is not properly before this Court on appeal.

The specifics of Sallie Mae's arguments that it was prevented from fully and fairly presenting

---

[12] *See* Transcript of July 29, 2008 Hearing in Bankruptcy Court, at pp. 28-30.

its case focus on three aspects: (1) Sallie Mae was prevented from answering on the merits because of the timing of Ms. Roberts's misrepresentation, as the misrepresentation varied from the defense Ms. Roberts had originally asserted; (b) introduction of the allegedly "paid" note prejudiced Sallie Mae because it implied Ms. Roberts had evidence the claim had been satisfied when it had not been; and (c) Sallie Mae suffered prejudice because Ms. Roberts lessened her required evidentiary burden by introduction of the note.

This Court concludes the foregoing arguments are without merit, as they ignore the essential conclusion reached by the Bankruptcy Judge, which is entitled to great deference by this reviewing Court. The conclusion reached by the Bankruptcy Judge is that – *the circumstances of the Promissory Note notwithstanding* – Sallie Mae failed to prove the elements of its claim and its rights to recover the amounts it alleged were due. Indeed, there are references in the record to the fact that the failure of Sallie Mae to prove the elements of its case was the fault of *counsel* for Sallie Mae. Because that matter is not briefed to this Court, this Court will not address the matter further. Rather, this Court notes the Bankruptcy Judge recorded an excellent record of the facts and procedural history of this case and the many failures and delinquencies of Sallie Mae in prosecuting its Proof of Claim. This Court has laid out – as the Bankruptcy Court did – the occasions in which Sallie Mae failed to participate in the discovery process and the multiple "second chances" Sallie Mae was afforded by the Bankruptcy Court to actually have the case heard on the merits.

Significantly, it appears the sole and only issue for the Bankruptcy Court's consideration at the July 31, 2007 hearing was the presentation of Sallie Mae's evidence to prove its claim. Yet, in spite of all of its foregoing failures to cooperate in the discovery process – *including a prior dismissal of its claim against the debtor for failure to respond to Ms. Roberts's objection* – Sallie

Mae chose to present its case against Ms. Roberts without a witness and without providing responses to discovery. At that hearing, Sallie Mae also chose to proceed without its own copy of the Promissory Note, instead relying on Ms. Roberts to introduce her copy of the Note. Ms. Roberts did not take the stand, nor did she make a statement to the Court regarding this Promissory Note, and, again, this Court makes no finding as to whether Ms. Roberts's actions with respect to the Promissory Note constitute fraud or misrepresentations. What is clear to this Court is that Sallie Mae's current argument that it could not accurately present its case to the Bankruptcy Court because of Ms. Roberts's alleged actions is meritless. Therefore, this Court concludes Sallie Mae does not meet its very substantial burden under Rule 60(b)(3).

## V. **Conclusion**

Therefore, for the reasons stated herein, the Court AFFIRMS the October 28, 2008 Ruling of the Bankruptcy Court denying Sallie Mae's Rule 60(b)(3) Motion. This case is REMANDED to the Bankruptcy Court for further proceedings consistent with this ruling. Pursuant to Rule 8016(a) of the Federal Rules of Bankruptcy Procedure, the Clerk of Court shall enter the judgment following receipt of this Memorandum Opinion and Order.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 23 day of July, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE